IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DISH NETWORK CORPORATION (f/k/a ECHOSTAR COMMUNICATIONS CORPORATION), ECHOSTAR DBS CORPORATION, ECHOSTAR TECHNOLOGIES LLC (f/k/a ECHOSTAR TECHNOLOGIES CORPORATION), ECHOSPHERE LLC, AND DISH NETWORK LLC (f/k/a ECHOSTAR SATELLITE LLC), | : : : : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 08-327-JJF |
| v. | : : | |
| TIVO, INC., | : : | |
| Defendant. | : : | |

**MEMORANDUM ORDER**

Pending before the Court are the parties' statements regarding the Court's <u>sua sponte</u> suggestion regarding the transfer of this action to the Eastern District of Texas. (<u>See</u> D.I. 28 at 9-10.)

**BACKGROUND**

Plaintiffs are corporate successors to and affiliates of EchoStar Communications Corporation (collectively, "EchoStar"). Defendant TiVo, Inc. ("TiVo") is the owner of U.S. Patent No. 6,233,389 ("the '389 patent"), which pertains to digital video recorder ("DVR") technology. (<u>See</u> D.I. 13 at 1.) In 2004, TiVo asserted the '389 patent against EchoStar in the Eastern District of Texas, and, in April 2006, after a two and a half week jury trial, TiVo secured a verdict that EchoStar willfully infringed

the '389 patent. The jury awarded TiVo approximately $74 million in damages. See TiVo Inc. v. EchoStar Communs. Corp., 446 F. Supp. 2d 664, 665 (E.D. Tex. 2006). Shortly thereafter, the Honorable David Folsom entered a final judgment and a permanent injunction against EchoStar. Id. In January 2008, the Federal Circuit affirmed the judgment and injunction. See TiVo, Inc. v. Echostar Communs. Corp., 516 F.3d 1290 (Fed. Cir. 2008).

Faced with these circumstances, EchoStar alleges that it redesigned its DVRs so that they no longer infringed the '389 patent. (See D.I. 15 at 4-6.) TiVo, however, at a May 2008 status conference before Judge Folsom, took the position that the "products that EchoStar claims to be 'new' are not new, or at best are no more than colorably different that those already found to infringe, and therefore constitute a continuing infringement punishable as contempt." (D.I. 13 at 3.) Based on statements Tivo made during this status conference, and other public statements that TiVo had previously made regarding EchoStar's purported design-around, EchoStar initiated the instant declaratory judgment action to remove the "cloud" of uncertainty surrounding their re-designed products. (See id. at 10-11.) For its part, TiVo pursued contempt proceedings before Judge Folsom, alleging that EchoStar's deployment of redesigned

products violated the terms of the injunction.  (See D.I. 13 at 3-4.)

TiVo then moved to dismiss, contending inter alia that this Court should exercise its discretion pursuant to the declaratory judgment action to dismiss because the Texas court - which has year of experience presiding over litigation regarding the relevant patents and technology - is best equipped to handle this action in connection with the Texas contempt proceedings.  (See generally D.I. 13.)  The Court denied the Motion To Dismiss, explaining that although such considerations are insufficient to warrant dismissal, they are, on the other hand, appropriately considered in the context of a motion to transfer.  (See D.I. 27 at 9-10.)  The Court then asked the parties to brief the issue of whether this case should be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404.  (D.I. 28.)

## DISCUSSION

### I. Legal Standard

In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). With regard to the private interests, courts consider: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses,

but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879. With regard to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. Id. at 879-80.

## II. Decision

Upon reviewing the private and public interest factors that govern motions to transfer venue, the Court concludes that transfer to the Eastern District of Texas is warranted.

### A. The Private Interest Factors

The plaintiff's choice of forum is entitled to "paramount consideration." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "[I]f the plaintiff's choice of forum relates to its legitimate, rational concerns then the plaintiff's choice of forum is . . . accorded substantial weight." Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F.Supp. 759, 764 (D. Del. 1991). The fact that TiVo is incorporated in Delaware provides a rational and legitimate reason for EchoStar to sue TiVo in Delaware. See Textron Innovations, Inc. v. Toro Co., No. 05-486-

GMS, 2005 U.S. Dist. LEXIS 23561, at *4-*5 (D. Del. Oct. 14, 2005). Accordingly, this factor weighs against transfer. However, the weight assigned to this factor is attenuated somewhat because Delaware is not EchoStar's "home turf." Id. at *4. Furthermore, to the extent EchoStar argues that its choice of forum should be given great weight because Delaware can provide a speedy resolution of this dispute, the Court concludes that Judge Folsom will act with comparable rapidity, particularly given his expertise in the relevant subject matter.

EchoStar contends, and the Court agrees, that the remaining private interest factors are neutral in the transfer analysis. (See D.I. 29 at 5.)

**B.    The Public Interest Factors**

In the Court's view, the public interest factors weigh strongly in favor of transfer. In particular, practical considerations related to the prior experience of the Texas court militate in favor of transfer. "Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court. . . .   Factors supporting a decision to transfer include whether the litigation in the target forum involves: (1) the same parties, (2) related or similar technologies for the judge to become familiar with, and (3) a common field of prior art." Cashedge, Inc. v. Yodlee,

Inc., No. 06-170-JJF, 2006 U.S. Dist. LEXIS 50488, at *7-*8 (D. Del. July 19, 2006)(internal citations and quotations omitted).

Here, although EchoStar contends that its redesigned products are different from the products found to infringe in the earlier Texas litigation, this Court is of the view that the Texas court's experience in handling the earlier litigation is still highly relevant to the instant declaratory judgment action. Indeed, this action involves the same parties, the same patents, and the same claims as the earlier Texas litigation. Moreover, in presiding over the earlier litigation, which spanned more than five years, the Texas court handled claim construction, summary judgment, a two and a half week jury trial, and one bench trial. (See D.I. 32, Exh. C.) These proceedings were focused on products that EchoStar allegedly redesigned so as to not infringe, and thus imbued the Texas court with an unmatched foundation to inquire into whether the redesigned products are "colorably different" from the products adjudged to infringe, and hence whether contempt proceedings are an appropriate vehicle to address TiVo's allegations that they still infringe the '389 patent. Should the Texas court determine that the redesigned products are, in fact, "colorably different" from the infringing products, the Texas court's experience with the patent-in-suit and the relevant technology will still enable it to address this action in a speedy - yet thorough and nuanced - manner.

In the Court's view, these considerations outweigh the preference that is given to the plaintiff's choice of forum. Accordingly, the Court will transfer this action to the Eastern District of Texas.

NOW THEREFORE IT IS HEREBY ORDERED this 28 day of May, 2009, that pursuant to 28 U.S.C. § 1404 this case shall be transferred to the United States District Court for the Eastern District of Texas.

May 28, 2009
DATE

UNITED STATES DISTRICT JUDGE